Singh v. Garland

BIA
Zagzoug, IJ
A208 094 577

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
_Circuit Judges._

_____

NIRMAL SINGH,
_Petitioner,_

v.                                                          22-6019
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
_Respondent._

_____

**FOR PETITIONER:**        Suraj Raj Singh, The Law Offices of Suraj Raj Singh, P.C., Richmond Hill, NY.

**FOR RESPONDENT:**       Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nirmal Singh, a native and citizen of India, seeks review of a December 27, 2021, decision of the BIA affirming a March 19, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nirmal Singh,* No. A 208 094 577 (B.I.A. Dec. 27, 2021), *aff'g* No. A 208 094 577 (Immig. Ct. N.Y. City Mar. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility

2

determinations, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on Singh's inconsistent testimony regarding the aftermath of two alleged assaults by members of the Congress Party, motivated by Singh's support for the opposing Indian National Lok Dal Party ("INLD"). *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that after the first assault, he went home and continued working for his party, but he also testified, inconsistently, that after the assault he went into hiding for six months with his aunt in another town, during which time he did not work or go outside the house. He was not responsive when asked to explain this inconsistency. Singh's testimony about the aftermath of the second assault was also internally inconsistent, and Singh appeared to confuse the two incidents: he alternately asserted that he stayed with friends briefly, and that he hid at his aunt's house for six months. And both of those accounts were inconsistent with his prior statement that in response to the second assault, he had reduced his political activities, and then, after receiving additional threats months later, went to stay with friends.

As to the agency's plausibility findings, we "will reject a deduction made by an IJ only when there is a complete absence of probative facts to support it—that is, when the speculation is 'bald.'" *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (quoting *Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 74 (2d Cir. 2004)).

4

The IJ reasonably concluded that it was not plausible that Singh would not know why his sibling left India about 15 years earlier, particularly as Singh's explanation that too much time had elapsed was not compelling because he reported having only one sibling, and he was about 22 years old when his sibling emigrated. The IJ likewise reasonably concluded that it was unlikely that Singh did not know if any other INLD supporters in his area had experienced harm, given Singh's claim that he had an active role in the party. And while Singh argues that he testified consistently about returning from his six months' hiding in 2009, he does not challenge the IJ's reasoning that a person in his situation would have been unlikely to return during an election period. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Further, the record supports the agency's conclusion that Singh's testimony regarding politics in India was vague and nonresponsive. The agency was not required to accept Singh's attorney's argument that Singh did not know election results or the INLD's role in government because he had a low-ranking position in that party. That explanation was in tension with Singh's testimony that he was

5

singled out for abuse because of his extensive involvement in the INLD (including traveling to recruit new members), that he remained politically active by telling others about the INLD in the United States, and that he followed political events in India. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (explaining that there are instances "in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding"). Moreover, some information about political events in India was eventually elicited from Singh after nonresponsive answers, suggesting a lack of candor regarding information unfavorable to his claim. Even if these issues were properly considered ancillary to Singh's claim, the agency is entitled to consider issues that do not go "to the heart of the applicant's claim" in the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 164.

The record also supports the IJ's finding that Singh appeared to be testifying from a memorized script because he struggled to respond to questions about issues not addressed in his written statement. "[W]e give particular deference" to an IJ's adverse credibility determination based on an applicant's demeanor because the IJ is "in the best position to evaluate whether apparent problems in

6

the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quoting *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005)).

The IJ's corroboration findings further bolster the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). And "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The IJ did not err in assigning little weight to the affidavits and letters supporting Singh's application because the authors were unavailable for cross-examination and many were his relatives. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "the IJ acted within her discretion in according [letters] little weight because the declarants . . . were interested parties and neither was available for cross-examination"). And some aspects of Singh's account, such as his political activities in the United States, were uncorroborated.

7

Given the inconsistencies, the agency's implausibility and demeanor findings, and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Siewe*, 480 F.3d at 168–69; *Li Hua Lin*, 453 F.3d at 109; *Biao Yang*, 496 F.3d at 273. Where, as here, "the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief." *Hong Fei Gao*, 891 F.3d at 76. Accordingly, we do not reach the agency's alternative findings regarding changed conditions and internal relocation in India. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8